**STATE of Oklahoma, ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Mark A. SKOF, Respondent.**

**SCBD 3524**
**SCBD 3570.**

Supreme Court of Oklahoma.

April 11, 1989.

MEMORANDUM OPINION ACCEPTING RESPONDENT'S RESIGNATION PENDING DISCIPLINARY ACTION

SIMMS, Justice:

Respondent, Mark A. Skof, was the subject of a formal complaint filed July 19, 1988, by the Oklahoma Bar Association, which alleged respondent had committed acts of commission and omission constituting professional misconduct which warranted discipline.

Pursuant to stipulation between parties, the Professional Responsibility Tribunal recommended this Court impose a formal reprimand; that respondent enroll in two continuing education courses on office management over a two year period; that an attorney of respondent's choice review with respondent his pending cases once a week for a period of three months to assure that all pleadings are made on time and that all pending cases were moving on schedule; that respondent advise complainant of the name and address of the supervising attorney; and, that respondent make restitution to a client in the sum of $500.00 representing a fee in a matter in which nothing was done. This occurred in case number SCBD 3524.

Shortly after the recommendation in SCBD 3524 was filed with this Court on August 29, 1988, notification was received

by this Court that respondent was the object of another investigation by General Counsel's office which investigation might lead to the filing of a second formal disciplinary complaint.

On January 24, 1989, a second formal complaint was filed in this Court alleging, inter alia, that respondent had converted $6,600.00 of his client's money from his trust account to his own use and benefit; that respondent generated false documents to mislead a client in connection with a "dog-bite" case, making it appear that judgment was rendered in favor of the client when in fact no judgment had been entered; that respondent had represented to more than one client that he had filed bankruptcy for them when in fact he had not.

On February 21, 1989, respondent submitted his written resignation pending disciplinary proceedings, pursuant to Rule 8, 5 O.S.1981, as amended 1989, Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings. In his resignation, respondent acknowledged the resignation was voluntarily made, that he was not subjected to coercion or duress and that respondent was fully aware of the consequences of resigning from his membership in the Oklahoma Bar Association while disciplinary proceedings were pending. He further acknowledged that, if true, the matters set forth in the complaint would constitute grounds for professional discipline. Respondent's resignation acknowledged that:

"A. Allegations set forth in the formal complaint filed in the Supreme Court of the State of Oklahoma, styled *State of Oklahoma, ex rel. Oklahoma Bar Association v. Mark A. Skof,* OBAD # 871, SCBD # 3524, which was filed on June 27, 1988. A copy of said complaint is attached hereto and marked exhibit "A" for identification, incorporated herein by reference, and made a part hereof. Also, recommended findings of fact, conclusions of law, and recommendation of discipline as contained in the *Report of the Professional Responsibility Tribunal* filed in this matter on August 29, 1988, a copy of which is attached hereto and marked as exhibit "B" for identification,

incorporated herein by reference, and made a part hereof.

"B. Allegations set forth in the formal complaint filed in the Supreme Court of the State of Oklahoma, styled *State of Oklahoma, ex rel. Oklahoma Bar Association v. Mark A. Skof,* OBAD # 904, SCBD # 3570, which was filed on December 30, 1988. A copy of said complaint is attached hereto and marked as exhibit "C" for identification, incorporated herein by reference, and made a part hereof.

"C. Allegations set forth in a formal grievance, DC 88–391, lodged with the Office of the General Counsel on December 22, 1988, by Linda Swisher Henshaw. Henshaw alleged that I neglected her personal injury case for three years and eight months and that I repeatedly misrepresented the status of the case to her.

"D. Allegations set forth in a grievance, TCBA # 33.72, lodged with the Tulsa County Bar Association on November 18, 1988, by Andrew Jay Chapman. Chapman alleged that he gave me a total of $293.00 to be applied as traffic fines in two cases filed with the District Court of Tulsa County and that I converted this money and applied it to my personal family expenses.

"E. Allegations set forth in a grievance, TCBA # 88.90, lodged with the Tulsa County Bar Association on December 1, 1988, by Ronald and Mary Ann Castens. The Castens alleged that on May 20, 1988, they delivered an Oklahoma tax refund check in the amount of $512.00 and a federal tax refund check in the amount of $1,397.38 to me to be paid to the trustee in their bankruptcy case in which I was representing them. The Castens allege that as of October 24, 1988, the money had not been applied for the purpose for which it was initended. The Castens also allege that on numerous occasions I misrepresented the status of the case to them.

"F. Allegation set forth in a grievance, TCBA # 88.96, lodged with the Tulsa County Bar Association on November 30, 1988, by Phyllis Cox. Ms. Cox alleged that I was retained in March, 1987, to

represent her in collection cases against two individuals. She alleged that I took no action in one of the cases and that in August, 1988, the debtor filed bankruptcy and discharged her claim for $18,000.00. Ms. Cox alleged that I represented her in a lawsuit against the second debtor and that my neglect concerning a cross petition resulted in a $50,000 default judgment against her."

It is here noted that under Rule 8.2, supra, the sanction for resignation pending disciplinary proceedings is the equivalent of disbarment, in that respondent may not seek reinstatement to practice law for five (5) years and then only in compliance with Rule 11.

Having fully examined the pleadings on file in this Court in both the above numbered disciplinary proceedings, and having examined the resignation tendered by respondent,

IT IS THE ORDER OF THIS COURT that the resignation of Mark P. Skof as a member of the Oklahoma Bar Association be and the same is hereby accepted. Respondent may not seek reinstatement as a member of the Oklahoma Bar Association for a period of five years from the date of the finality of this opinion, and then, only upon full compliance with the conditions and procedures prescribed by Rule 11, supra.

RESIGNATION OF RESPONDENT FROM THE PRACTICE OF LAW ACCEPTED.

All the Justices concur.